UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONDAIS SMITH,

        Petitioner,

Case No. 12-cv-13557

HONORABLE JOHN CORBETT O'MEARA

v.

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS,
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

    Petitioner Leondais Smith is Michigan state prisoner currently confined in the Macomb Correctional Facility in New Haven, Michigan. He has filed a petition for writ of habeas corpus challenging his 1989 plea based convictions of two counts of second degree murder. Respondent Ken Romanowski has moved for summary judgment, arguing that the petition should be dismissed because it is barred by the statute of limitations. Petitioner did not submit a response to the summary judgment motion. Upon review of the pleadings and the Rule 5 materials filed by Respondent, the Court finds that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case. The Court therefore grants Respondent's motion for summary judgment. The Court also denies a certificate of appealability.

I.

On March 10, 1989, Petitioner pled guilty in the Genesee County Circuit Court to two counts of second degree murder and one count of felony firearm arising from the killing of Kimbrel T. Edwards and Maurice Allen Given in the course of a robbery. The trial court sentenced Petitioner on July 25, 1989 to concurrent life sentences for the murder convictions, consecutive to a two year sentence for the felony firearm conviction.

On July 31, 1991, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals and sought the appointment of counsel. The Michigan Court of Appeals ordered the appointment of counsel and remanded to the trial court. *People v. Smith*, No. 143149 (Mich. App. Feb. 10, 1992).

On June 16, 1992, Petitioner filed a second delayed application for leave to appeal through counsel, challenging his sentences but not his convictions. The Michigan Court of Appeals denied this appeal for lack of jurisdiction because the application for leave to appeal was filed more than 18 months after the sentence. *People v Smith*, No. 152441 (Mich. App. Sept. 28,1992).

On July 8, 1992, while his second delayed application for leave to appeal was pending in the Court of Appeals, Petitioner, through counsel, filed a motion for relief from judgment raising the same claims that were raised in his second delayed application for leave to appeal. The trial court denied the motion for relief from judgment under Mich.Ct. R. 6.508(D)(3) and also held the claims lacked merit. *People v. Smith*, No. 88-40184-FC (Genessee Co. Cir. Ct. Aug. 27, 1992). Petitioner filed a delayed application for leave to appeal this order with the Michigan Court of Appeals, which denied leave on January 4, 1993 "for lack of merit in the

2

grounds presented." Petitioner did not seek leave to appeal this denial with the Michigan Supreme Court.

On January 23, 2003, more than ten years after the Michigan Court of Appeals denied leave to appeal, Petitioner filed a second motion for relief from judgment with the trial court, seeking a new trial, an evidentiary hearing, resentencing and withdrawal of his guilty plea. The trial court denied Petitioner's second motion for relief from judgment in an order dated September 30, 2003. *People v. Smith*, No. 88-40184-FC (Genesee Co. Cir. Ct. Sept. 30, 2003). Petitioner filed a delayed application for leave to appeal on September 13, 2004, which the Court of Appeals denied "for failure to pursue the case in conformity with the rules." *People v. Smith*, No. 257832 (Mich. App. Oct. 22, 2004). Petitioner did not seek leave to appeal this denial to the Michigan Supreme Court.

Petitioner signed and dated this habeas petition on August 6, 2012.

Petitioner submitted another motion for relief from judgment with the trial court on January 23, 2013. Finding the motion to be a successive motion for relief from judgment, and not meeting the requirements of M.C.R. 6.502(G), the trial court ordered the motion returned to Petitioner without filing. *People v. Smith*, No. 88-40184-FC (Genesee Co. Cir. Ct. Jan 30, 2013).

Petitioner's habeas petition's single claim for relief asserts that the trial court's plea colloquy was insufficient to support Petitioner's convictions and sentences.

3

II.

A.

Respondent has moved for summary judgment on the issue of whether the petition is barred by the statute of limitations applicable to habeas petitions. Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

B.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 112, 119 (2009). Direct review in Petitioner's case concluded, at the latest, 56 days after the January 4, 1993 decision of the Michigan Court of Appeals denying leave to appeal, because Petitioner did not file an application with the Michigan Supreme Court for leave to appeal that decision. Under

Michigan's court rules in effect at that time, Petitioner had 56 days from the date of the Michigan Court of Appeals decision to file an application for leave to appeal in the Michigan Supreme Court. See M.C.R. 7.302(C)(2). Because Petitioner failed to file an application for leave to appeal within the time allowed, his convictions became final on Monday, March 4, 1993, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler,* __ U.S. __, 132 S. Ct. 641, 656 (2012) (when petitioners do not pursue state-court appeals, judgment becomes final when time for seeking such review under state law expires).

Petitioner's convictions thus became final before AEDPA's effective date of April 24, 1996. Petitioner, therefore, had until April 24, 1997 to file a timely habeas petition or to file a post-conviction motion that would toll the statute of limitations. *See McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (petitioners whose convictions became final prior to the enactment of AEDPA have one year grace period from AEDPA's effective date to file timely habeas).

Petitioner did not file a habeas petition before the lapse of the limitations period. Furthermore, Petitioner did not file a motion for post-conviction relief in the state court until January 23, 2003. At that point, the statute of limitations had expired almost five years earlier. A properly filed application for state post-conviction relief tolls the statute of limitations. 28 U.S.C. § 2244(D)(2). However, a motion for post-conviction relief that is filed after the statute has already run has no effect; it does not serve to revive a limitations period that has already run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)

5

("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations") (quotation omitted).

The petition was filed more than 16 years past the one-year deadline and is therefore untimely unless equitable tolling applies.

C.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1936 (2013). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner has not responded to the motion for summary judgment, and the time for responding has elapsed. In the petition, however, Petitioner asserts that the statute of limitations should be tolled because his trial counsel never asked him if he wanted to appeal

his conviction and never perfected his appeal and the trial court never informed him of the appellate timetable. He also suggests he is innocent of the charges.

Petitioner does not present a "compelling" argument for equitable tolling. The events surrounding the filing of his applications for leave to appeal occurred several years before the limitations period even began to run on his petition. To the extent that he asserts that the misinformation he received at the time kept him from filing later, this is not sufficient because "ignorance of the law is not sufficient to warrant equitable tolling." *Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (quotation omitted). Petitioner is charged with constructive knowledge of the AEDPA time periods. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Nor does it explain Petitioner's delay of more than 16 years in filing his federal petition. *See Cook v. Stegal*, 295 F.3d 517, 522 (6th Cir. 2002) (declining to equitably toll limitations period in light of 12 year delay, an "extraordinary long period of unexplained idleness"); *Yukins*, 366 F.3d at 403 (equitable tolling not appropriate where petitioner failed to provide adequate reason for four and one half year delay in filing federal petition). Petitioner fails to demonstrate that he has been diligent in pursuing his rights, as is required by *Holland*.

Petitioner also suggests that he is actually innocent of the crimes to which he pled guilty. Actual innocence can be the basis for equitable tolling when a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" unless the court is convinced that the trial was free of constitutional error. *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). To form the basis for equitable tolling, a claim of actual innocence must be supported by "sufficient new facts such

7

that it is more likely than not that no reasonable juror would have found the defendant guilty." *Souter v. Jones*, 395 F.3d 577, 596 n.11 (6th Cir. 2005). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient" to reach the merits of a time-barred claim. *Schlup*, 513 U.S. at 316. The actual innocence exception does not afford a basis for equitable tolling here because Petitioner presents no new evidence in support of his claim of innocence.

The petition is time-barred by the statute of limitations, and there is no basis to equitably toll the limitations period. The Respondent's motion for summary judgment will therefore be granted.

### III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court denies a certificate of appealability.

IV.

Respondent's Motion for Summary Judgment [Dkt. 9] is GRANTED.

The Petition for Writ of Habeas Corpus [Dkt. 1] is DISMISSED WITH PREJUDICE.

A Certificate of Appealability is DENIED.

SO ORDERED.

>s/John Corbett O'Meara
>United States District Judge

Date: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 31, 2013, using the ECF system and/or ordinary mail.

>s/William Barkholz
>Case Manager

9